UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMONAE LEWIS, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:21-CV-247-JD-MGG |
| JASON ENGLISH, | |
| Defendant. | |

OPINION AND ORDER

Demonae Lewis, a prisoner without a lawyer, filed a complaint about the food he is served in the Westville Control Unit. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lewis alleges that since June 12, 2020, when he moved to the Westville Control Unit, he has been complaining about the food trays being unsanitary, underportioned, and unhealthy. He details being served hard bread and cake, stale cereal, and less peanut butter and jelly than the menu specifies. He further alleges that his breakfast trays never have butter or sugar like they are supposed to. Most of these complaints do not state an Eighth Amendment violation. Inmates are not entitled to the food of their

choosing, or to "food that is tasty or even appetizing." *Williams v. Berge*, 102 F. App'x 506, 507 (7th Cir. 2004); *see also Isby v. Brown*, 856 F.3d 508, 522 (7th Cir. 2017). However, inmates are entitled to adequate food, *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009); *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006), and so a denial of sufficient food to maintain health could state an Eighth Amendment violation.

Lewis alleges that almost every day the portions are wrong in at least one meal, and as a result, by the time he filed his complaint, he had lost 17 pounds over 9 months. There is not enough detail, however, to determine whether the complaint plausibly alleges an Eighth Amendment violation. A complaint must contain sufficient factual matter to "state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotation marks, citations and footnote omitted). Lewis does not describe his basis for believing the portions are undersized, other than his suspicions about the peanut butter and jelly portions. Nor does he describe how the food arrives at the control unit—whether it is already portioned out on trays or comes in bulk for the prison staff to dole out. Moreover, it is not clear whether his 17-pound weight loss over 9 months constitutes a healthy weight reduction or a concerning health problem.

Even if the court were to find that the allegations about the diet constituted an Eighth Amendment violation, Lewis has not explained how the named defendant, Jason English, could be held liable for the violation. In the case caption, he identifies English

2

as an employee of Aramark, the private company that provides meals for the prison. However, he does not mention English in the body of the complaint to connect him to the alleged violation.

In order to hold a defendant liable for a constitutional violation under 42 U.S.C. § 1983, a prisoner must show the defendant acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). As the Seventh Circuit has explained:

> [C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so.

*Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citations and quotation marks omitted); *see also Reed v. McBride*, 178 F.3d 849, 855 (7th Cir. 1999) (where inmate complained about severe deprivations but was ignored, he established a "prototypical case of deliberate indifference."). Thus, Lewis must allege facts to suggest English was aware of the problems with the food in the control unit and was somehow responsible for the problem or had the ability to remedy it. Lewis alleges he has written Aramark about the trays, but this is not enough to suggest that English would have received notice of the problem.

This complaint does not state a claim for which relief can be granted. Nevertheless, Lewis may file an amended complaint if he believes he can state a claim based on (and consistent with) the events described in this complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in

early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. After he properly completes that form addressing the issues raised in this order, he needs to send it to the court.

For these reasons, the court:

(1) GRANTS Demonae Lewis until **October 8, 2021**, to file an amended complaint; and

(2) CAUTIONS Demonae Lewis if he does not respond by the deadline, this case will be dismissed pursuant to 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED on September 3, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT