UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMONAE LEWIS, <br><br> Plaintiff, <br><br> v. <br><br> JASON ENGLISH, <br><br> Defendant. | CAUSE NO. 3:21-CV-247-JD-MGG |

OPINION AND ORDER

Demonae Lewis, a prisoner without a lawyer, filed an amended complaint about the diet he is receiving in the Control Unit at the Westville Correctional Facility. ECF 15. He sues Jason English, the kitchen director for Aramark, the private company contracted to provide meals at the prison. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Lewis alleges that since his arrival at the Westville Control Unit in June 2020, the food trays have been under portioned, unsanitary, and not stored properly. As to the portion sizes, he alleges that the breakfast trays are missing the butter, peanut butter, and jelly that is supposed to be there. Regarding sanitation, he alleges that he has found

rat feces on his tray several times. Each time, the correctional officer in charge gave him a new tray, but the problem persists despite English being informed of the problem. Finally, he says the breakfast trays are prepared the night before but are not properly stored overnight, resulting in stale bread, cereal, and cake. As a result of the problems with the food, he has lost 17 pounds and was placed on a high calorie diet by a doctor to get his weight back up.

A violation of the Eighth Amendment consists of two elements: (1) an injury that is objectively serious enough to have deprived the inmate of the minimal civilized measure of life's necessities, and (2) the prison official must have acted with deliberate indifference to the inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). On the first prong, the Eighth Amendment clearly requires that prison officials provide inmates with an adequate diet. *Williams v. Shah*, 927 F.3d 476, 479-80 (7th Cir. 2019). Giving Lewis the inferences to which he is entitled at the pleading stage, he has satisfied the objective inquiry.

Turning to the subjective prong, Lewis names English, the Aramark kitchen director, as defendant. However, there is no general respondeat superior liability under 42 U.S.C. § 1983, which means English cannot be held liable solely because he oversees the kitchen staff that prepared the meals in question. *J.K.J. v. Polk Cnty.*, 960 F.3d 367, 377 (7th Cir. 2020). However, Lewis alleges that English was informed of the problems several times yet did not remedy the problem. Supervisory prison staff can be held liable for a constitutional violation if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th

2

Cir. 2019). Under this standard, Lewis has stated an Eighth Amendment claim against English.

Demonae Lewis is not proceeding in forma pauperis. Therefore, the court will not serve the defendants pursuant to 28 U.S.C. § 1915(d). Rather, it is his obligation to serve Jason English with a copy of this screening order and the complaint as provided by Federal Rule of Civil Procedure 4. If Lewis desires the assistance of the United States Marshal's Service, he may contact them directly to make appropriate arrangements.

For these reasons, the court:

(1) GRANTS Demonae Lewis leave to proceed against Jason English in his individual capacity for compensatory and punitive damages for providing inadequate meals in the Westville Control Unit beginning in June 2020 in violation of the Eighth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS Demonae Lewis to make arrangements to serve a copy of this screening order and the complaint on Jason English;

(4) ORDERS, under 42 U.S.C. § 1997e(g)(2), Jason English to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on November 4, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

3