UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DEMONAE LEWIS, <br><br> Plaintiff, <br><br> v. <br><br> JASON ENGLISH, <br><br> Defendants. | CAUSE NO. 3:21-CV-247-JD-MGG |

OPINION AND ORDER

Demonae Lewis, a prisoner without a lawyer, is proceeding in this case "against Jason English in his individual capacity for compensatory and punitive damages for providing inadequate meals in the Westville Control Unit beginning in June 2020 in violation of the Eighth Amendment[.]" ECF 16 at 3. English filed a motion for summary judgment, arguing Lewis did not exhaust his administrative remedies before filing suit in April 2021. ECF 30. Lewis filed a response and English filed a reply. ECF 35, 38. Lewis then filed an amended response with leave of court. EFC 42, 43, 44. English was granted leave to file an amended reply, but did not do so within the allotted timeframe. ECF 43. The summary judgment motion is now fully briefed and ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine

issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (emphasis added). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a

matter of what appears "on paper," but rather whether the process was in actuality available for the prisoner to pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an inmate's ability to use the administrative process, administrative remedies are not considered "available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting." *Dole*, 438 F.3d at 809.

English argues Lewis did not exhaust his administrative remedies prior to filing this lawsuit in April 2021 because he did not file any grievances regarding inadequate meals in June 2020 or afterwards. ECF 32 at 3-4. Specifically, English provides an affidavit from the prison's Grievance Specialist, who attests the grievance office has not received any grievances from Lewis since January 2020, and he did not file any grievances regarding inadequate meals in June 2020 or afterwards. ECF 31-1 at 3.

In his response, Lewis argues his administrative remedies were unavailable because he submitted numerous grievances since June 2020 complaining of inadequate meals but never received any response from the grievance office. ECF 42 at 2-5. Specifically, Lewis asserts he submitted one grievance near the end of 2020, and another in March 2021, but the grievance office never responded to either grievance. *Id.* at 2. He then wrote to the Grievance Specialist regarding the lack of response, but again received no response. *Id.* Lewis provides a copy of a "Request for Interview" form dated April 2021, in which he asserted he had submitted a grievance about inadequate meals in

3

March and had not received any response from the grievance office. ECF 42-1 at 2. The staff member who responded told him to write Mr. Harvill in A Building for all grievance-related issues. *Id.*

In his reply, English does not dispute Lewis submitted grievances related to inadequate meals, and therefore the court accepts as true that those grievances were submitted. ECF 38. Instead, English argues that, even assuming Lewis submitted these grievances and received no response from the grievance office, he still had available remedies he did not exhaust because the grievance process required him to appeal these unanswered grievances as if they had been denied. *Id.* at 2. However, the Offender Grievance Process only provides that, "If the offender receives no grievance response within twenty (20) business days *of the Offender Grievance Specialist's receipt of the grievance*, the offender may appeal as though the grievance had been denied." ECF 31-2 at 13 (emphasis added). Here, because it is undisputed the Grievance Specialist never received Lewis's grievances, there is no evidence the grievance process allowed Lewis to appeal these grievances as if they had been denied. Accordingly, because the undisputed facts show Lewis attempted to submit grievances related to his claim but his administrative remedies were not available, English has not met his burden to show Lewis had available administrative remedies he did not exhaust.

For these reasons, English's motion for summary judgment (ECF 30) is DENIED.

SO ORDERED on January 23, 2023

/ s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT

4